James A. Dumas (SBN 76284)
Christian T. Kim (SBN 231017)
DUMAS & KIM, APC
3435 Wilshire Blvd., Ste. 990
Los Angeles, CA 90010
Telephone: 213/368-5000
Facsimile: 213/368-5009

Attorneys for the Plaintiff and Chapter 7 Trustee,
Carolyn A. Dye

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>RICARDO MARCELO LOPEZ,<br><br>          Debtor.<br><br>———————————<br><br>CAROLYN A. DYE, Chapter 7 Trustee of the Estate of RICARDO MARCELO LOPEZ,<br><br>          Plaintiff,<br><br>          vs.<br><br>RICARDO MARCELO LOPEZ, an individual, JOSE MENDEZ, an individual, MARIA DIAZ, an individual,<br><br>          Defendants. | Case No.: 2:15-bk-17109-VZ<br><br>[Chapter 7]<br><br>Adv. Case No.:<br><br>**COMPLAINT:**<br>**(1) TO AVOID UNAUTHORIZED POSTPETITION TRANSFER;**<br>**(2) TO RECOVER UNAUTHORIZED POSTPETITION TRANSFER;**<br>**(3) FOR TURNOVER AND ACCOUNTING;**<br>**(4) FOR REVOCATION OF DISCHARGE UNDER 11 U.S.C. §727(d)(1);**<br>**(5) FOR REVOCATION OF DISCHARGE UNDER 11 U.S.C. §727(d)(2);**<br>**(6) FOR DAMAGES OR SANCTIONS FOR CONSPIRACY TO DEFRAUD**<br><br>[11. U.S.C. §§ 105, 549, 550, 727(d)(1), 727(d)(2)] |

    COMES NOW, the Plaintiff, Carolyn A. Dye, ("Plaintiff" or "Trustee") as and for her complaint herein, complains and alleges as follows:

## I.

## THE PARTIES AND JURISDICTION

    1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

1334 and 157, and this is a core proceeding under 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A), (E), (H), or (O). In the event this proceeding is determined to include non-core claims for relief, the Plaintiff consents to the entry of a final order or judgment by the Bankruptcy Court as to any such claims. Venue in the Central District of California, Los Angeles Division (the "Bankruptcy Court"), is proper pursuant to 28 U.S.C. § 1409 in that this adversary proceeding is related to the bankruptcy case of Ricardo Marcelo Lopez bearing case number 2:15-bk-17109-VZ presently pending under Chapter 7 of Title 11 of the United States Code in the Bankruptcy Court. (the "Bankruptcy Case")

2. The Plaintiff, Carolyn A. Dye, is the duly appointed and acting Chapter 7 bankruptcy trustee for the estate of Ricardo Marcelo Lopez.

3. The defendant, Jose Mendez, ("Mendez") is and at all times alleged herein, an individual residing in the County of Los Angeles in the State of California and subject to the jurisdiction of this Court.

4. The defendant, Maria Diaz, ("Diaz" and collectively referred to herein with Mendez as the "Transferee Defendants"), is and at all times all times alleged herein, an individual residing in the County of Los Angeles in the State of California and subject to the jurisdiction of this Court.

5. The debtor and defendant, Ricardo Marcelo Lopez, ("Debtor") commenced the Bankruptcy Case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court, on May 4, 2015.

## II.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

6. Plaintiff refers to the allegations set forth in paragraph 1 through 5 hereof and incorporates said allegations herein as if fully set forth hereat.

7. On March 05, 2015, the Debtor filed a voluntary chapter 13 bankruptcy petition, case number 2:15-bk-13393-WB. ("Chapter 13 Case") In his schedules filed on March 19, 2015, the Debtor scheduled an ownership interest in real property commonly known as 661 West 4th Street, Pomona, CA 91766. ("Property")

8. According to the Debtor's Schedule I in the Chapter 13 Case, the Debtor received at

1 | least $650 per month of rental income from the Property.

2 |     9.    On or about March 31, 2015, the Debtor purported to transfer his ownership interest in
3 | the Property to the Defendants to hold as joint tenants. The Plaintiff is informed and believes and
4 | thereon alleges that the Debtor received no consideration or less than reasonably equivalent value in
5 | exchange for the transfer of his interest in the Property to the Transferee Defendants, as the grant
6 | deed effecting the transfer stated that, "This is a bonafide gift and the grantor received nothing in
7 | return, R&T 11911." (the "Transfer"). However, the grant deed purporting to transfer the Property
8 | to the Transferee Defendants was not recorded until July 30, 2015. (A true and correct copy of the
9 | Grant Deed recorded on July 30, 2015 ("Grant Deed") is attached hereto as **Exhibit "A"** and
10 | incorporated herein by this reference.)

11 |     10.    On April 20, 2015, the Debtor's Chapter 13 Case was dismissed for Debtor's failure to
12 | appear at his 341a meeting of creditors in the Chapter 13 Case.

13 |     11.    On May 4, 2015, the Debtor filed a voluntary chapter 7 bankruptcy petition to
14 | commence the Bankruptcy Case, but did not schedule any ownership interest in the Property in his
15 | schedules nor did the Debtor list the Transfer in his Statement of Financial Affairs.

16 |     12.    Following the Petition Date, the Trustee discovered the existence of the Property and
17 | filed a motion for turnover on July 13, 2015, (docket no. 11) requesting an order requiring the Debtor
18 | to turn over the Property and provide the Trustee access to the Property. ("Turnover Motion") The
19 | Debtor and the Transferee Defendants recorded the Grant Deed sixteen days later on July 30, 2015.

20 |     13.    The deadline to object to the Debtor's discharge lapsed on August 7, 2015.

21 |     14.    On August 19, 2015, the Court entered an order granting the Turnover Motion and
22 | requiring the Debtor to turn over the Property and provide access to the Trustee.

23 |     15.    On or about August 31, 2015, the Trustee discovered the Transfer. The Transfer was
24 | made without knowledge of the Trustee and without approval by the bankruptcy court.

25 |     16.    On or about August 31, 2015, the Trustee made a demand for the Transferee
26 | Defendants to turn over all rent payments received from any tenants residing on the Property. To
27 | date, the Transferee Defendants have refused to turn over any of the rents received from the Property
28 | since the filing of the Bankruptcy Case.

### III.

### FIRST CLAIM FOR RELIEF TO AVOID UNAUTHORIZED POSTPETITION TRANSFER

### (11 U.S.C. §549)

### (Against Defendants Jose Mendez and Maria Diaz)

17. Plaintiff refers to the allegations set forth in paragraph 1 through 16 hereof and incorporates said allegations herein as if fully set forth hereat.

18. In connection with the Transfer, the Debtor voluntarily transferred the Property to the Transferee Defendants on July 30, 2015, after the commencement of the Debtor's bankruptcy case and without the approval of the bankruptcy court or knowledge of the Trustee. The Trustee is informed and believes that and thereon alleges that the Debtor did not receive a present fair equivalent value in exchange for the Transfer. The Trustee is further informed and believes and thereon alleges that the Transferee Defendants had knowledge of the Debtor's bankruptcy case and did not take possession of the Property in good faith, but took possession thereof with knowledge of the voidability of the Transfer.

19. Based on the foregoing, the Trustee is entitled to avoid the Transfer for the benefit of the Debtor's creditors.

### IV.

### SECOND CLAIM FOR RELIEF TO RECOVER UNAUTHORIZED POSTPETITION TRANSFER

### (11 U.S.C. §550)

### (Against Defendants Jose Mendez and Maria Diaz)

20. Plaintiff refers to the allegations set forth in paragraph 1 through 19 hereof and incorporates said allegations herein as if fully set forth hereat.

21. Plaintiff is entitled to not only avoid the Transfer, but also to recover the value thereof under Section 550(a) for the benefit of the estate from the Defendants.

///

///

## V.

## THIRD CLAIM FOR RELIEF FOR TURNOVER AND ACCOUNTING

### (11 U.S.C. §§ 105, 541, 542)

### (Against All Defendants)

22. Plaintiff refers to the allegations set forth in paragraph 1 through 16 hereof and incorporates said allegations herein as if fully set forth hereat.

23. The Property is property for which the Debtor has a legal or equitable interest as of the commencement of his bankruptcy proceeding. All interests of the Debtor in the Property as of the commencement of the case are under the sole, equal, or joint management of the Debtor, or the Property is liable for an allowable claim against the Debtor.

24. Because Plaintiff is unaware of what funds or property derived or arising from the Property has been transferred, misappropriated, or used by the Defendants as a consequence of the Transfer, an accounting is required to ascertain the location of the said funds or property and any subsequent transferees of such funds or property, including the payment of all rents received by the Transferee Defendants and/or the Debtor. Plaintiff is further entitled to an order requiring the accounting of the said funds or property and turnover of the said funds or property to the Trustee, including all rents received by the Transferee Defendants and/or the Debtor.

## VI.

## FOURTH CLAIM FOR RELIEF FOR REVOCATION OF DISCHARGE

### (11 U.S.C. §727(d)(1)

### (Against Defendant Ricardo Lopez)

25. Plaintiff refers to the allegations set forth in paragraph 1 through 16 hereof and incorporates said allegations herein as if fully set forth hereat.

26. Prior to the Trustee's deadline to object to the Debtor's discharge of August 7, 2015, the Trustee was unaware that the Debtor had made the Transfer by recording the Grant Deed on July 30, 2015. The Trustee did not become aware of the Transfer until on or about August 31, 2015.

27. Based on the lapsing of the August 7, 2015 deadline, the entry of an order granting the

Debtor a discharge is now a ministerial act of the Court. If the Trustee was aware that the Debtor had transferred the Property to the Transferee Defendants on July 30, 2015, the Trustee would have objected to the Debtor's discharge. Thus, the Debtor's discharge was obtained through the fraud of the Debtor.

28.  As a consequence of the Debtor's actions, the Plaintiff is entitled to a judgment denying or revoking the Debtor's discharge.

## VII.

## FIFTH CLAIM FOR RELIEF FOR REVOCATION OF DISCHARGE

### (11 U.S.C. §727(d)(2)

### (Against Defendant Ricardo Lopez)

29.  Plaintiff refers to the allegations set forth in paragraph 1 through 16 hereof and incorporates said allegations herein as if fully set forth hereat.

30.  The Debtor and/or the Transferee Defendants acquired property that is property of the estate, including the rents from the Property or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the Trustee.

31.  As a consequence of the Debtor's actions, the Plaintiff is entitled to a judgment denying or revoking the Debtor's discharge

## VIII.

## SIXTH CLAIM FOR RELIEF FOR DAMAGES OR SANCTIONS FOR CONSPIRACY TO DEFRAUD

### (11 U.S.C. §§105(a).)

### (Against All Defendants)

32.  Plaintiff refers to the allegations set forth in paragraph 1 through 16 hereof and incorporates said allegations herein as if fully set forth hereat.

33.  Plaintiff is informed and believes, and thereon alleges, that at all times material herein

mentioned each of the defendants was the agent of each of the remaining defendants, and in doing the things herein alleged, acted within the course and scope of such agency.

34. Plaintiff is informed and believes, and thereon alleges, that at all times material herein, the Debtor and the Transferee Defendants, and each of them, knowingly and willingly conspired and agreed among themselves to hinder, frustrate, delay or defraud the Debtor's creditors, through and by the Transfer, and to wrongfully enrich the Transferee Defendants, and dilute the amount of property that could be liquidated for the benefit of the Debtor's creditors.

35. Plaintiff is informed and believes, and thereon alleges, that at all times material herein, the Transfer, was carried out in furtherance of the conspiracy to hinder, delay, frustrate and defraud the Debtor's creditors and made with intentional malice, oppression and fraud. ("<u>Conspiracy</u>")

36. As a proximate result of the Conspiracy, Plaintiff has been damaged in at least the amount of value of the Transfer and the attorney fees and costs that will be incurred by the estate in the within adversary proceeding. Accordingly, Plaintiff seeks to recover from the Debtor and the Transferee Defendants, the amount thereof, prejudgment interest on these amounts, and all other consequential and punitive damages and/or sanctions.

## IX.
## PRAYER

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1. For a judgment and/or order that the Transfer is avoided;

**ON THE SECOND CLAIM FOR RELIEF:**

2. For a judgment and/or order that the Transfer, or the value thereof, together with interest at the applicable rate from the date of the Transfer, is recovered by Plaintiff.

**ON THE THIRD CLAIM FOR RELIEF:**

3. A judgment requiring the accounting and turnover of any monies or property derived or arising from the Property, including all rents received by all defendants.

**ON THE FOURTH CLAIM FOR RELIEF:**

4. For a judgment and/or order denying or revoking the Debtor's discharge.

**ON THE FIFTH CLAIM FOR RELIEF:**

5. For a judgment and/or order denying or revoking the Debtor's discharge.

**ON THE SIXTH CLAIM FOR RELIEF:**

6. For a judgment for damages or sanctions, including consequential and punitive damages against all defendants according to proof.

**ON ALL CLAIMS FOR RELIEF:**

7. For attorneys' fees to the extent allowed by law.

8. For prejudgment interest.

9. For costs of suit; and

10. For such other relief as the Court deems just and proper.

Dated: November 9, 2015        DUMAS & KIM, APC

By: _____
Christian T. Kim,
Attorneys for the Plaintiff and Chapter 7 Trustee,
Carolyn A. Dye

# EXHIBIT "A"

# EXHIBIT "A"

**This page is part of your document - DO NOT DISCARD**



## 20150928222



Pages: 0004

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**07/30/15 AT 09:59AM**

|  |  |
|---|---|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 28.00 |



**LEADSHEET**



201507303270015

00010935701



006993172

**SEQ:
01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E475702

10

RECORDING REQUESTED BY:
Ricardo Lopez

MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:

Jose Mendez
10755 Lower Azusa Rd. Ste. G
El Monte, CA 91731

APN: 8341-006-018

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S):

DOCUMENTARY TRANSFER TAX IS $ _____ZERO_____
____ Computed on full value of property conveyed,
____ Computed on full value less liens and encumbrances remaining at time of sale.
____ Unincorporated area   _X_ City of POMONA

**FOR A VALUABLE CONSIDERATION, Receipt of which is hereby acknowledged,**

RICARDO MARCELO LOPEZ, a Married Man as His Sole and Separate Property

**Hereby GRANT(S) and CONVEY(S), All Right(s), Title, and Interest(s), in to:**

JOSE MENDEZ, an Unmarried Man and MARIA DIAZ, an Unmarried Woman, Together as Joint Tenants

The Real Property in the City of Pomona, County of Los Angeles, State of California Described as:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF**

Also Known as: 661 West 4th Street, Pomona CA 91766

Dated: 3/31/15

_____
RICARDO MARCELO LOPEZ

"This is a bonafide gift and the grantor received nothing in return, R&T 11911."

STATE OF CALIFORNIA        )
COUNTY OF LOS ANGELES      ) SS.

On _____, before me, _____, a Notary Public, personally appeared **RICARDO MARCELO LOPEZ**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*please see new updated CA Ack. attached.

Signature_____

MAIL TAX STATEMENTS AS DIRECTED ABOVE

11

# California All-Purpose Certificate of Acknowledgment

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**
County of **Los Angeles**                                     } s.s.

On **March 31, 2015** before me, **Yulianna Chacon, Notary Public**
                                   Name of Notary Public, Title

personally appeared **Ricardo Marcelo Lopez**
                    Name of Signer (1)

_____
                    Name of Signer (2)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_[signature]_
Signature of Notary Public

**[Seal: YULIANNA CHACON, Commission # 2082498, Notary Public - California, Los Angeles County, My Comm. Expires Oct 18, 2018]**

──────── OPTIONAL INFORMATION ────────

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.

**Description of Attached Document**

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of **Grant Deed: APN 8341-006-018**,

containing **2** pages, and dated **3/31/2015**.

The signer(s) capacity or authority is/are as:
- [ ] Individual(s)
- [ ] Attorney-in-fact
- [ ] Corporate Officer(s) _____
- [ ] Guardian/Conservator
- [ ] Partner - Limited/General
- [ ] Trustee(s)
- [ ] Other: _____

representing: _____

**Additional Information**

Method of Signer Identification

Proved to me on the basis of satisfactory evidence:
- [ ] form(s) of identification  [ ] credible witness(es)

Notarial event is detailed in notary journal on:

Page # _____ Entry # _____

Notary contact: _____

Other
- [ ] Additional Signer  [ ] Signer(s) Thumbprints(s)
- [ ] _____

12

Order Number: O-SA-4698273
Page Number: 5

7

## Exhibit "A"
### LEGAL DESCRIPTION

Real property in the City of Pomona, County of Los Angeles, State of California, described as follows:

LOT 6 IN BLOCK 60 OF POMONA, IN THE CITY OF POMONA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 3, PAGES 90 AND 91 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 8341-006-018

RML

FORM B104 (08/07)                                                                                2007 USBC, Central District of California

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Page 2)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

**PLAINTIFFS**
Carolyn A. Dye, Chapter 7 Trustee

**DEFENDANTS**
Ricardo Marcelo Lopez, Jose Mendez, Maria Diaz,

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Dumas & Kim, APC, 3435 Wilshire Boulevard, Suite 990, Los Angeles, CA 90010

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor ☐ Other
☒ Trustee

**PARTY** (Check One Box Only)
☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) TO AVOID UNAUTHORIZED POSTPETITION TRANSFER; (2) TO RECOVER UNAUTHORIZED POSTPETITION TRANSFER; (3) FOR TURNOVER AND ACCOUNTING; (4) REVOCATION OF DISCHARGE; (5) CONSPIRACY TO DEFRAUD
[11 USC sec 105, 549, 550, 727(d)(1), 727(d)(2)]

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law
☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint
Demand $ *according to proof*

Other Relief Sought

FORM B104 (08/07), page 2          2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||| 
|---|---|---|
| **NAME OF DEBTOR** <br> RICARDO MARCELO LOPEZ || **BANKRUPTCY CASE NO.** <br> 2:15-bk-17109 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL | **DIVISIONAL OFFICE** <br> LOS ANGELES | **NAME OF JUDGE** <br> HON. VINCENT P. ZURZOLO |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> /s/ Christian P. Kim |||
| **DATE** <br> 11/9/15 || **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Christian T. Kim |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.